UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RUIZ,<br><br>            Petitioner,<br><br>     v.<br><br>CONNIE GIPSON, Warden,<br><br>            Respondent. | Case No.: 1:14-cv-00224-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (Doc. 2)<br><br>ORDER DISMISSING WITHOUT PREJUDICE GROUNDS TWELVE AND THIRTEEN IN THE PETITION<br><br>ORDER FOR PETITIONER TO FILE REGULAR STATUS REPORTS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on February 20, 2014. (Doc. 1). The petition raises thirteen claims challenging Petitioner's 2010 conviction in the Kern County Superior Court for, inter alia, carjacking, robbery, and participating in a criminal street gang. (Doc. 1, p. 1).

Contemporaneous with the filing of the petition, Petitioner has also filed a motion to stay proceedings while two of his claims, i.e., claims twelve and thirteen regarding ineffective assistance of trial and appellate counsel, are being exhausted. Petitioner has asked that those claims be dismissed as unexhausted and the petition stayed during the pendency of Petitioner's state exhaustion efforts for

grounds twelve and thirteen.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the U.S. Supreme Court permitted federal courts to retain jurisdiction over mixed petitions during exhaustion efforts for the unexhausted claims so long as "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

Here, Petitioner has timely filed a federal habeas petition containing eleven claims exhausted in the California Supreme Court during his direct appeal. He has also included two unexhausted claims for ineffective assistance of trial and appellate counsel, which he seeks to exhaust during the stay of proceedings. Petitioner has expressly requested dismissal of the unexhausted claims; thus, the Court assumes Petitioner is seeking to proceed under a Kelly stay rather than a Rhines stay. Since a Kelly stay does not require the showing of potential merit and good faith required for a Rhines stay, and there being no other obvious impediment to granting a Kelly stay, the Court will stay proceedings while Petitioner exhausts grounds twelve and thirteen in state court.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11.  No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1]  Further, Petitioner must proceed diligently to pursue his state court remedies, *and every sixty (60) days after the filing of the initial status report Petitioner must file a new status report regarding the status of his state court habeas corpus proceedings*.  Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 2) is GRANTED;

2. Grounds twelve and thirteen in the instant petition are dismissed without prejudice;

3. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state court remedies regarding grounds twelve and thirteen;

4. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

5. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and

6. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

///

///

---

[1] The filing should be entitled "Status Report."

3

1  Petitioner's failure to comply with the above conditions for a stay of proceedings may result in
2  the Court issuing an Order to Show Cause why the stay should not be lifted.

4  IT IS SO ORDERED.

5  Dated:  **February 21, 2014**                     **/s/ Jennifer L. Thurston**
6                                                                     UNITED STATES MAGISTRATE JUDGE