# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RUIZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00224-LJO-JLT<br><br>SECOND ORDER TO SHOW CAUSE WHY THE STAY SHOULD NOT BE LIFTED FOR RESPONDENT'S FAILURE TO SUBMIT STATUS REPORTS<br><br>THIRTY-DAY DEADLINE |

　　Along with the filing of the petition in this case, Petitioner filed a motion to stay the proceedings to exhaust claims in state court. (Doc. 2). The Court granted the request but ordered Petitioner to file regular status reports regarding his efforts to exhaust the claims. (Doc. 5). On June 23, 2014, Petitioner filed his one and only status report, indicating that he had filed a habeas petition in the Superior Court on May 22, 2014. (Doc. 10). Petitioner had not communicated with the Court since June 23, 2014.

　　On December 11, 2014, the Court issued its first Order to Show Cause why the stay should not be lifted for failure to file regular status reports. (Doc. 11). On January 14, 2015, Petitioner responded, indicating that he had filed a habeas petition in the Kern County Superior Court but had not received any further word, case number, or information about the case. (Doc. 12). Four more months have elapsed with no status reports or further communication from Petitioner.

　　In its original order granting the stay, the Court advised Petitioner that regular status reports

1

must be filed every sixty days. Apparently, Petitioner interprets this to mean that he need only file a status report when he has something substantive to report. **This is not the case. Petitioner is required to file a status report every sixty days regardless of whether or not he has received any information regarding the progress of his habeas petition in the Kern County Superior Court.** Petitioner's repeated failure to meet this obligation will result in an order from this Court lifting the stay and ordering Respondent to file a response to the exhausted claims.

Moreover, the Court notes that it is highly unusual for a Superior Court to take 12 months to decide a habeas petition. Thus, Petitioner's contention that he filed the state petition on May 22, 2014 seems unlikely. Either the petition was not properly filed with the Superior Court as Petitioner claims, or it has somehow been lost in the court's system. Either way, it is Petitioner's responsibility to determine what has happened to his petition and to advise this Court of the facts in a regular status report.

Accordingly, Petitioner **SHALL** file a response to this Order to Show Cause within thirty days providing the Court with (1) the case number of the petition he allegedly filed in the Superior Court on May 22, 2014; (2) a copy of that petition; and, (3) evidence that Petitioner has made efforts to determine the status of that state petition in the Kern County Superior Court. If Petitioner's response is insufficient, the Court will lift the stay and order respondent to file a response to the claims that are exhausted in the instant petition.

**ORDER**

Accordingly, the Court **ORDERS**:

1. Within thirty days, Petitioner **SHALL** show cause in writing why the stay should not be lifted due to his failure to file regular status reports as required by the order dated February 24, 2014;

2. In addition, in his response to this order, Plaintiff **SHALL**:
    a. Provide the case number of the petition he claims he filed in the Superior Court on May 22, 2014;
    b. Provide a copy of the petition he claims he filed in the Superior Court on May 22, 2014; and

      c.    Set forth the efforts he has made to determine the status of the petition he claims he filed in the Superior Court on May 22, 2014.

**<u>Plaintiff is advised that his failure to respond to this order in a timely fashion and/or his failure to provide the information sought will result in an order lifting the stay.</u>**

IT IS SO ORDERED.

Dated:   **May 20, 2015**                    /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE